IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

v.                           **CASE NO. 4:20-CR-00014-BSM**

**ROBERT KIM JONES**                                                                                         **DEFENDANT**

**ORDER**

Robert Jones's motion to vacate, set aside, or correct his sentence [Doc. No. 47] is denied. Jones pled guilty to being a felon in possession of a firearm. *See* Doc. Nos. 40 & 41. He received a sentence consisting of 72 months imprisonment, three years of supervised release, and a $100 special assessment. Doc. No. 44. In support of his motion, Jones argues that (1) he was wrongfully charged, (2) he was the victim of coercion and collusion by his attorney and the government, and (3) his attorney provided ineffective assistance.

First, Jones's contention that he was wrongfully charged fails because the parties' plea agreement contains a waiver preventing Jones from collaterally attacking his conviction and sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, "except for claims based on ineffective assistance of counsel or prosecutorial misconduct." Doc. No. 41 at 3; *see Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (upholding the validity of this type of waiver). Here, the wrongful charge claim is neither a claim of ineffective assistance of counsel nor a claim of prosecutorial misconduct. *See* Doc. No. 47 at 4-6; *see also* Doc. No. 52 at 2-3. Thus, this wrongful discharge claim fails due to the waiver in the plea agreement. Alternatively, this claim fails as Jones is not entitled

to relief for being wrongfully charged because he cannot sustain a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Specifically, the parties stipulated to the presence of the firearms in the bedroom being in Jones's residence. *See* Doc. No. 41 at 5-6; *contra* Doc. No. 47 at 5 ("I did not live [in], own, or occupy the residence"). A bald assertion of innocence coupled with inconsistent stories is simply not enough to prove that Jones is actually innocent. *See United States v. Wesley*, 55 F. App'x 47, 49 (3d Cir. 2002). And Jones's admission in his plea agreement is credibly considered even if it would not be admissible at a jury trial. *See Schlup*, 513 U.S. at 327-28. Thus, this wrongful charge claim also fails because it is not more likely than not that no reasonable juror would have found Jones guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted. *See id.*

Second, Jones's contention that he was the victim of coercion and collusion by his attorney and the government fails because Jones does not present any credible evidence to support this assertion. *See* Doc. No. 47 at 7-10. In order to prove coercion, Jones must prove actual or threatened physical harm or mental coercion that overbore his will. *See Brady v. Untied States*, 397 U.S. 742, 750 (1970). In order to prove collusion, Jones must prove that there was an agreement to defraud him. *See In re American Capital Equipment, LLC*, 688 F.3d 145, 158 (3d Cir. 2012); *cf. United States v. Campbell*, 848 F.2d 846, 851 (8th Cir. 1998) (same proof for a charge of conspiracy). Here, Jones only expresses his disappointment with his failed expectations of a lighter sentence and conjures up a baseless theory that coercion and collusion between his attorney and the government must have been

the cause. *See* Doc. No. 47 at 7-10. "[M]ere disappointment with the ultimate sentence is insufficient to undo an otherwise valid plea agreement." *United States v. Williams*, 184 F.3d 666, 670 (7th Cir. 1999). Thus, this coercion and collusion claim fails.

Third, Jones's contention that his attorney provided ineffective assistance fails because Jones cannot demonstrate that his counsel's performance was both deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). At the guilty plea stage, Jones does not show, beyond asserting self-serving statements, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, at the sentencing stage, Jones does not show that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different. *See Deltoro-Aguilera v. United States*, 625 F.3d 434, 438 (8th Cir. 2010). Like his coercion and collusion claim, Jones again expresses displeasure over the result of his sentencing in this ineffective assistance claim. *See* Doc. No. 47 at 12-16. But this is not enough to demonstrate ineffective assistance. "[I]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). Additionally, Jones expresses displeasure over his counsel's failure to suppress certain evidence, reduce his criminal history score, and get a downward variance on his sentence. *See* Doc. No. 47 at 12-16. Challenges on these issues would have been meritless.

Accordingly, "[c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance." *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991). Thus, this ineffective assistance claim fails.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Jones is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because Jones has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 18th day of August, 2023.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE